IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYLE MOODY,

        **Plaintiff,**

v.                                      **CV-NO. 1:18-cv-01189-SCY-KK**

DOLLAR TREE STORE # 2967

        **Defendant.**

## MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Dollar Tree Stores, Inc., incorrectly named in the Complaint as Dollar Tree Store #2967, ("Dollar Tree" or "Defendant") moves to dismiss Plaintiff Lyle Moody's ("Plaintiff") Civil Complaint ("Complaint") pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies with respect to his discrimination claims.  Even if he had exhausted his administrative remedies, Plaintiff's discrimination claims are still subject to dismissal for failure to state a claim because he failed to allege facts sufficient to state such a claim.  Defendant also moves to dismiss Plaintiff's claim for prima facie tort pursuant to 12(b)(6) for failure to state a claim. In support of this Motion, Defendant states as follows.

## INTRODUCTION

Plaintiff alleges in his Complaint that he was discriminated against in violation of the New Mexico Human Rights Act ("NMHRA") based upon his "national orientation" and age and that he was retaliated against when the store manager refused to sell him items.  Plaintiff fails to allege in his Complaint that he exhausted his administrative remedies, as he was required to do

1

under the NMHRA.  Because Plaintiff failed to establish that he exhausted his administrative remedies under the NMHRA, this Court lacks jurisdiction over Plaintiff's claims for national origin and age discrimination as well as his retaliation claim.  Even if he had exhausted hid administrative remedies, Plaintiff's NMHRA claim is still subject to dismissal because the Complaint does not contain sufficient facts to support such a claim.  Therefore, those claims must be dismissed with prejudice.

Further, Plaintiff's claim for prima facie tort is based on the same underlying facts as his NMHRA act claim.  Under New Mexico law, Plaintiff cannot use prima facie tort to avoid the requirements of his NMHRA claim.  Further, even if he relied on different facts to support his prima facie claim, it is still subject to dismissal because the act and injury he complains of are not the types of acts or injuries prima facie tort was designed to remedy.  As such, Plaintiff's claim for prima facie tort should be dismissed for failure to state a claim.

## LEGAL STANDARD

The Court may dismiss a complaint for "failure to state a claim upon which relief may be granted."  Rule 12(b)(6).  A Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint.  *Coffey v. United States of America,* 870 F. Supp. 2d 1202, 1215 (D.N.M. 2012).  The sufficiency of a complaint is a question of law, and a court must accept as true all well-pleaded factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  *Id.*  A complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the plaintiff's burden is to set forth grounds for her entitlement to relief with more than labels and conclusions – a formulaic recitation of the elements of a cause of action will not do.  *Id.,* at 1216.  To survive a motion to

dismiss, the plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim for relief that is plausible on its face. *Id.*

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th Cir.1994) (citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). The Court is responsible for ensuring, even *sua sponte,* that it has subject-matter jurisdiction before considering a case. *See Daigle v. Shell Oil Co.,* 972 F.2d 1527, 1539 (10th Cir. 1992). Rule 12(b)(1) allows a party to raise the defense of the court's "lack of subject-matter jurisdiction" by motion. Fed. R.Civ.P. 12(b)(1).

Because Plaintiff's claims are based upon alleged violation of the NMHRA, analysis of New Mexico law is appropriate.  Under New Mexico law, failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. *Rist v. The Design Center at Floor Concepts*, 2013-NMCA-109, ¶ 13, 314 P.3d 681 (quoting *Mitchell-Carr*, 1999-NMSC-025, ¶ 20, "Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with); *In re Application of Angel Fire Corp.*, 1981-NMSC-095, ¶ 5, 96 N.M. 651, 634 P.2d 202).  When a plaintiff has failed to exhaust administrative remedies, thus depriving a district court of subject matter jurisdiction, dismissal of the complaint is appropriate. *Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7, 117 N.M. 380, 872 P.2d 353; *Angel Fire*, 1981-NMSC-095, ¶ 5; *Jaramillo v. J. C. Penney Co.*, 1985-NMCA-002, ¶ 4, 102 N.M. 272, 694 P.2d 528.  "Typically, subject matter jurisdiction cannot be

waived and can be raised at any time." *State ex rel. Children, Youth & Families Dep't v. Andree G.*, 2007-NMCA-156, ¶ 18, 143 N.M. 195, 174 P.3d 531. Furthermore, when subject matter jurisdiction is lacking, dismissing a claim with prejudice is appropriate. *See generally Schneider Nat'l, Inc. v. State Taxation & Revenue Dep't*, 2006-NMCA-128, ¶¶ 7-12, 140 N.M. 561, 144 P.3d 120 (holding it was proper to grant summary judgment where district court did not have subject matter jurisdiction when complaint was not filed within specific time frame).

The same standard is applicable under federal law.  "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th Cir.1994) (citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 104 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). The Court is responsible for ensuring, even *sua sponte,* that it has subject-matter jurisdiction before considering a case. *See Daigle v. Shell Oil Co.,* 972 F.2d 1527, 1539 (10th Cir. 1992). Rule 12(b)(1) allows a party to raise the defense of the court's "lack of subject-matter jurisdiction" by motion. Fed. R.Civ.P. 12(b)(1).  When a defendant brings a motion to dismiss for lack of subject-matter jurisdiction under rule 12(b)(1) based on a plaintiff's failure to exhaust administrative remedies in a timely manner, a court "analyze[s] th[e] case under 12(b)(6) of the Federal Rules of Civil Procedure," unless a court considers materials outside the complaint, in which case "it should ... treat[][the] motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." *Douglas v. Norton,* 167 Fed.Appx. 698, 704-05 (10th Cir.2006).

4

## ARGUMENT

### A. Plaintiff failed to establish that he exhausted his administrative remedies with respect to his discrimination and retaliation claims the NMHRA.

"NMHRA claims must be administratively exhausted before being brought in federal court." *Hunt v. Cent. Consol. Sch. Dist*., 951 F. Supp. 2d 1136, 1247-1248, (D.N.M. 2013) (quoting *Bates v. N.M. Corr. Dep't*, 2010 U.S. Dist. LEXIS 113021, at *7). "[T]he exhaustion of administrative remedies is a prerequisite to suit under the NMHRA, and a failure to exhaust may mean that the district court lacks subject matter jurisdiction." *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 20, 127 N.M. 282, 980 P.2d 65 (internal citations omitted). The NMHRA provides:

> A person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within ninety days from the date of service of the [New Mexico Human Rights] commission's order.

N.M.S.A. 1978, § 28-1-13A.

Where administrative exhaustion is a jurisdictional prerequisite, to pursue the cause of action in federal district court, the complaint need allege only the "'facts essential to show jurisdiction'" and also "'allege generally that all conditions precedent have occurred or been performed.'" *Hunt v. Cent. Consol. Sch. Dist*., 951 F. Supp. 2d 1136, 1247-1248, (D.N.M. 2013) (quoting *Campos v. Las Cruces Nursing Ctr*., 828 F. Supp. 2d 1256, 1271 (D.N.M. 2011) (quoting *Pretlow v. Garrison*, 420 F. App'x 798, 802 (10th Cir. 2011) (unpublished); Fed. R. Civ. P. 9(c)). If a party challenges jurisdiction, however, the plaintiff must then "'support those

allegations by a preponderance of the evidence.'" *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d at 1271 (quoting *Pretlow v. Garrison*, 420 F. App'x at 802).

The New Mexico Court of Appeals recently reaffirmed that plaintiffs have the burden of proving that administrative remedies have been exhausted. *Rist v. The Design Center at Floor Concepts*, 2013-NMCA-109, ¶ 11, 314 P.3d 681.  In that case, the plaintiffs alleged in their complaint that they timely filed a charge of religious discrimination with the Equal Employment Opportunity Commission (EEOC) and satisfied all administrative requirements for filing suit. *Id.*  However, the plaintiffs acknowledged that they failed to procure a notice of non-determination from the NMHRB.  *Id.* at ¶ 12.  The New Mexico Court of Appeals held that because plaintiffs failed to obtain the order of non-determination from the NMHRB, they failed to exhaust their administrative remedies under the NMHRA.  *Id.* at ¶ 11.  Further, the court held that the plaintiffs had the burden of proving that they exhausted their administrative remedies in order for their case to proceed.  *Id.*  Because the plaintiffs failed to meet their burden, their case was properly dismissed with prejudice by the district court.  *Id.*

In this case, Plaintiff failed to meet his burden of establishing by a preponderance of the evidence that he exhausted his administrative remedies under the NMHRA.   Indeed, the Complaint lacks any allegations whatsoever about exhaustion of administrative remedies. Plaintiff failed to allege any facts essential to show jurisdiction and Plaintiff failed to allege generally that all conditions precedent have occurred or been performed.  Because Plaintiff failed to meet his burden of proof by establishing that he exhausted his administrative remedies under the NMHRA, his claims for national origin and age discrimination and retaliation under the NMHRA must be dismissed.  Furthermore, because subject matter jurisdiction is lacking in this case, dismissal of Plaintiff's Complaint with prejudice is appropriate. *Rist v. The Design Center*

*at Floor Concepts*, 2013-NMCA-109, ¶ 14, 314 P.3d 681 (quoting *Schneider Nat'l, Inc. v. State Taxation & Revenue Dep't*, 2006-NMCA-128, ¶¶ 7-12, 140 N.M. 561, 144 P.3d 120 (holding it was proper to grant summary judgment where district court did not have subject matter jurisdiction when complaint was not filed within specific time frame)).

### B. Plaintiff's Complaint fails to allege facts sufficient enough to state a claim for discrimination and retaliation.

Even if Plaintiff had exhausted his administrative remedies, the Complaint is still subject to dismissal for failure to state a claim because Plaintiff has not alleged any facts to support a NMHRA claim.

The NMHRA seeks to promote the equal rights of people within certain specified classes by protecting them against discriminatory treatment. *See Juneau v. Intel Corp*., 2006-NMSC-002, ¶ 14, 139 N.M. 12, 127 P.3d 548 ("The NMHRA protects against discriminatory treatment...."). To accomplish this goal, the NMHRA makes it unlawful for "any person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person ***because of*** race, religion, color, national origin, ancestry, sex, sexual orientation, gender identity, spousal affiliation or physical or mental handicap."   Section 28-1-7(F) (emphasis added).   The NMHRA prohibits public accommodations from making any distinction in the services they offer to customers on the basis of protected classifications. Section 28-1-7(F). The NMHRA does not permit businesses to offer limited goods or services to customers on the basis of a status that fits within one of the protected categories.  *Elaine Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 19, 309 P.3d 53 (2013).

Plaintiff's Complaint fails to allege any facts sufficient to state a claim based on the NMHRA.  While he alleges in the Complaint that the store manager refused to sell him items,

there are no allegations that he was refused ***because of*** his national origin or age.  Plaintiff does

not allege, for example, that the cashier made any ageist or racist remarks or that the cashier

treated him differently because of his protected status. The facts in the Complaint that describe

the transaction that forms the basis of Plaintiff's NMHRA claim are completely neutral and not

relate to Plaintiff's national origin or age in any way.

> but when Plaintiff approached the first register the cashier, a female added up the
> total of Plaintiff's items which came to about 5 or 6 dollars.  At this time Plaintiff
> explained to the female Cashier, that he wanted to pay cash for two items and pay
> for the remaining items with his debit card.  As he attempted to give her a $20.00
> bill for the two items the female cashier stared at the Plaintiff in anger.  Plaintiff
> could see that something was wrong with her.  As the female cashier continued to
> stare at the Plaintiff, Plaintiff told the cahier that he would go to the next register.
> At that time the female cashier started yelling and screaming "Get out of here!."
> The Plaintiff asked her what did he do?  She then shouted "I am the manager get
> out of here!"  So the Plaintiff asked for a grievance form and was refused.  So
> Plaintiff left out of the store in fear of something else would go wrong.

Complaint at 5.  Even construing all of Plaintiff's factual allegations as true, he still cannot state

a claim for discrimination under the NMHRA.   None of the facts alleged in the Complaint

support such a claim because Plaintiff failed to allege that the cashier refused to complete the

transaction because of Plaintiff's national origin or age.  Indeed, he states later in the Complaint

that "this was just a simple transaction gone wrong."  Complaint at 5.  Therefore, Plaintiff has

failed to allege facts sufficient to state a claim under the NMHRA and his Complaint should t be

dismissed for failure to state a claim.

### C.  Plaintiff' Complaint fails to state a claim for prima facie tort.

A cause of action for prima facie tort was first recognized in New Mexico in *Schmitz v.*

*Smentowski*, 109 N.M. 386, 394, (1990).  Its underlying theory is that a party who intends to

cause injury should be held liable if the conduct is culpable and unjustifiable. *Id*. State and

federal courts in New Mexico have dismissed prima facie tort claims under New Mexico law

when based on the same underlying conduct as more traditional torts and pled in order to avoid the stringent requirements of such torts. "[T]he purpose of prima facie tort was to provide a remedy for intentional acts that 'do not fit within the contours of accepted torts,' rather than to 'evade stringent requirements of other established doctrines of law.'" *Fernandez-Wells v. Beauvais*, 1999 NMCA 71 ¶ 22; *See also Stock v. Grantham*, 125 N.M. 564 (Ct.App.1998) (dismissal of prima facie tort claim proper because used as improper attempt to avoid proof of the essential elements of the intentional infliction of emotional distress claim and interference with entitlement to unemployment compensation claims); *Schuler v. The McGraw-Hill Companies, Inc.*, 989 F. Supp. 1377, 1391 (D.N.M.), *affd*, 145 F.3d 1346 (10th Cir. 1998) (Relying on prima facie tort to evade the requirements of more traditional torts is not the proper use of this tort); *see also Hagebak v. Stone*, 133 N.M. 75, 83 (Ct.App. 2002) (recognizing that although prima facie tort claims may be pled in the alternative, summary judgment may be granted where factual development reveals that plaintiff cannot prove distinction between claims).

Plaintiff alleges that "a claim for prima facie tort occurred when Defendant conducted the unlawful acts of discriminating against Plaintiff by refusing to render service to Plaintiff…" Complaint at 2.  Plaintiff's prima facie tort claim therefore rests on the same allegations Plaintiff makes to support his discrimination and retaliation claims in violation of the NMHRA. Permitting inclusion of the prima facie claim would allow Plaintiff to evade the more stringent requirements of the other claims that Plaintiff has pled, namely, the requirement that he exhaust his administrative remedies before pursuing discrimination and retaliation claims under the NMHRA. Therefore, Plaintiff's claim for prima facie tort should be dismissed as a matter of law.

Further, even if the factual basis for Plaintiff's prima facie tort claim was not the same as his NMHRA claim, Plaintiff's claim for prima facie is still subject to dismissal because the Complaint fails to allege acts sufficient to support such a claim.  To state a claim for prima facie tort, Plaintiff must allege (1) an intentional and lawful act, (2) with the intent to injure Plaintiff, (3) injury to the Plaintiff as a result of an intentional act, and (4) the absence of sufficient justification for the injurious act. *Schmitz v. Smentowski*, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990).  Because not every intentionally caused harm gives rise to an actionable tort, courts apply a balancing test to determine whether there is a cause of action under prima facie tort theory. *See Beavers v. Johnson Controls World Servs., Inc*., 120 N.M. 343, 348, 901 P.2d 761, 766 (Ct.App.1995) (applying fact-specific balancing test); *Schmitz*, 109 N.M. at 394-95, 785 P.2d at 734-35 (rejecting a more stylized definition of prima facie tort in favor of a flexible balancing approach). The activity complained of must be balanced against its justification and the severity of the injury, weighing: (1) the injury; (2) the culpable character of the conduct; and (3) whether the conduct is unjustifiable under the circumstances. *Schmitz*, 109 N.M. at 394, 785 P.2d at 734; *see also* Restatement (Second) of Torts § 870 (1977) (describing balancing test to determine liability for intentional injury when an actor's conduct does not come within a traditional category of tort liability).

In the Complaint Plaintiff alleges that the unlawful act occurred when the cashier yelled at him without justification and that the injury consisted of denying Plaintiff's attempts to shop in the store and compelling Plaintiff to leave.  Complaint at 3.  Even construing Plaintiff's allegations as true, these are not the types of acts or injuries that prima facie tort was designed to remedy; not every intentionally caused harm gives rise to an actionable tort.  Plaintiff's claim for prima facie tort should therefore be dismissed for failure to state a claim.

## **PRAYER**

WHEREFORE, Defendant respectfully requests this Court's order:

A.    dismissing Plaintiff's claims for discrimination and retaliation with prejudice for lack of subject matter jurisdiction because Plaintiff failed to establish that he exhausted administrative remedies with respect to those claims;

B.    dismissing Plaintiff's claim for prima facie tort for failure to state a claim;

C.    awarding Defendant its attorneys' fees and costs incurred in bringing this Motion; and

D.    awarding such further and additional relief as the Court deems just and appropriate.

Respectfully submitted,

JACKSON LEWIS P.C.


By: _/s/Andrea K. Robeda_
         Danny W. Jarrett
         Andrea K. Robeda
4300 San Mateo Blvd. NE, Suite B-260
Albuquerque, NM 87110
(505) 878-0515
jarrettd@jacksonlewis.com
Andrea.robeda@jacksonlewis.com
**Attorneys for Defendant**

We hereby certify that we electronically filed the foregoing pleading through the CM/ECF system on the 21st day of December 2018 and sent a copy via U.S. mail to:

> Lyle V. Moody, Plaintiff Pro Se
> 1404 San Carlos Rd SW
> APT # 10
> Albuquerque, NM 87104
> 505-373-8503

JACKSON LEWIS P.C.

By: */s/Andrea K. Robeda*
     Andrea K. Robeda

4840-5666-8462, v. 1

12